IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 04-720 |
| v. | : | |
| CRAIG MASON | : | |

| | | |
|---|---|---|
| CRAIG MASON | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 07-CV-5101 |

M E M O R A N D U M

PRATTER, J.                                                                                                       APRIL 4, 2008

On September 15, 2005, a federal jury found Craig Mason guilty under 21 U.S.C. § 841(a)(1) of one count of possession with intent to distribute cocaine in excess of five kilograms, and one count of possession of firearm in furtherance of drug trafficking crime under 18 U.S.C. § 924(c)(1).  On December 19, 2005, the Court sentenced Mr. Mason to a term of imprisonment of 180 months, to be followed by five years of supervised release, and payment of a $2,000 fine and a $200 special assessment.  Presently before the Court is Mr. Mason's pro se habeas corpus motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Mr. Mason's sole argument is that his trial counsel was ineffective for failing to move to suppress certain evidence based upon the police officers' failure to read Mr. Mason his Miranda rights at the time of his custodial interrogation.  For the reasons discussed below, Mr. Mason's motion will be denied.

**PROCEDURAL BACKGROUND**

Prior to his criminal trial, Mr. Mason, with the assistance of counsel, filed a motion to suppress evidence, specifically, a handgun found on his person and a package containing approximately 10 kilograms of cocaine found in the trunk of his car during an October 2004 search.[1]  Mr. Mason argued that the cocaine and the gun should be suppressed because (1) the Government did not have reasonable suspicion of present criminal activity to justify stopping Mr. Mason in his vehicle; (2) the Government was unjustified in using the drug-sniffing dog; and (3) the Government lacked probable cause to search his vehicle.

The Government filed a response to Mr. Mason's motion, and on May 10, 2005 the Court held an evidentiary hearing on the motion.  On May 16, 2005, the Court denied Mr. Mason's suppression motion and ruled that the evidence would not be suppressed.  Mason, 2005 U.S. Dist. LEXIS 9260, at *2-3.  The Court found that (1) the Government had reasonable suspicion of present criminal activity when agents stopped Mr. Mason's vehicle and, therefore, the stop of the vehicle was reasonable under the Fourth Amendment; (2) the use of the trained dog by the Government did not implicate a "legitimate privacy interest," so the use of the dog by the Government did not constitute a Fourth Amendment search; and (3) the issuance of the search warrant was supported by probable cause.  Id.

After a jury convicted him of both charges returned in the indictment, Mr. Mason appealed the Court's denial of his suppression motion.  On July 27, 2007, the Court of Appeals

---

[1] The events that led to Mr. Mason's arrest and eventual indictment are discussed in detail in the Court's May 16, 2005 Memorandum and Order (Crim. No. 04-720, Docket No. 30).  See United States v. Mason, Crim. No. 04-720, 2005 U.S. Dist. LEXIS 9260, at *3-10 (E.D. Pa. May 16, 2005).

affirmed the Court's May 16, 2005 opinion. See United States v. Mason, 245 Fed. App'x 136 (3d Cir. 2007). In January 2008, Mr. Mason filed the instant § 2255 motion.

**DISCUSSION**

28 U.S.C. § 2255 provides federal prisoners with a statutory remedy for challenging the lawfulness of their conviction. See United States v. Addonizio, 442 U.S. 178, 184, 60 L. Ed. 2d 805, 99 S. Ct. 2235 (1979). To qualify for a § 2255 remedy, "the alleged errors must raise a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (quoting Addonizio, 442 U.S. at 185 (citation omitted)). The Court must consider the motion together with all the files, records, transcripts and correspondence relating to the judgment under attack. See 28 U.S.C. § 2255, Rule 4(b). A district court considering a § 2255 motion "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record,'" United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)), and it "abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief." Booth, 432 F.3d at 546 (citing United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005). However, the final disposition of a § 2255 motion lies with the discretion of the trial judge, see Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), and a district court may summarily dismiss a § 2255 motion where the motion, files, and records "show conclusively that the movant is not entitled to relief." Forte, 865 F.2d at 62.

Under the standard articulated in Strickland v. Washington, 466 U.S. 668 (1984), a prisoner alleging ineffective assistance of counsel must show (1) that counsel's performance

was deficient, i.e., that it fell below an objective standard of reasonableness; and (2) that the defendant was prejudiced by counsel's deficient performance. See Outten v. Kearney, 464 F.3d 401, 414 (3d Cir. 2006). The Court may address the prejudice prong first "and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006). To establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Id.

At the May 10, 2005 evidentiary hearing on Mr. Mason's motion to suppress, and at trial, the law enforcement officers present during Mr. Mason's arrest testified that they pulled over his car and ordered him out of the car. When Mr. Mason complied, the officers noticed a bulge in Mr. Mason's waistband, patted him down, and discovered and seized the loaded handgun. The law enforcement officers testified that they then interviewed Mr. Mason at the garage where they first identified him. It is not clear from the record whether the law enforcement officers gave Miranda warnings to Mr. Mason at that time. The officers testified that they sought and received Mr. Mason's consent to search the garage. When no drugs were found in the garage, the police officers' drug-sniffing dog was exposed to Mr. Mason's car and "alerted" to narcotics, specifically, at the trunk of the car. The officers then obtained a search warrant to search Mr. Mason's car, and after obtaining a valid search warrant, the officers searched the trunk of his car and discovered and seized a package containing approximately 10 kilograms of cocaine.

In his motion, Mr. Mason argues that his counsel was ineffective for failing to move for

4

suppression of evidence based upon a violation of his Miranda rights. Specifically, he states:

> Prior to filing a motion to suppress evidence, petitioner requested counsel to move for suppression of evidence based upon the police failure to read him Miranda rights at the time of custodial interrogation. Counsel failed to do so and instead moved to suppress evidence on other grounds, notwithstanding petitioner's specific request for suppression on Miranda grounds.

(Pet. § 2255 Mot. 6.) In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court held that a defendant's statements made in the course of a custodial interrogation are not admissible as evidence unless the defendant receives appropriate warnings, or an exception applies. The Court has reviewed Mr. Mason's Motion, the Government's response, the transcripts of his May 10, 2005 evidentiary hearing on his previous suppression motion, and the transcripts from his criminal trial. To the extent Mr. Mason is claiming that prosecutors used as evidence a statement taken in violation of Miranda and the Fourth Amendment, and that his trial counsel was ineffective for failing to challenge the statement's admission in court, such a claim is without merit. As an initial and fundamental matter, Mr. Mason does not refer the Court to any incriminating statement that he made during a "custodial interrogation." The transcripts of the evidentiary hearing and the trial are completely bereft of any mention of any incriminating statement made by Mr. Mason during a custodial interrogation. No evidence of any such statement was introduced at trial. Moreover, in his pretrial motion, and during trial, Mr. Mason never sought to suppress any incriminating statement. Instead, he only sought to suppress the admission of the loaded handgun discovered on his person and a package of cocaine discovered in the trunk of his car. Under these circumstances, Mr. Mason's Miranda rights were not implicated let alone violated. Because Mr. Mason's argument that evidence should have been suppressed under Miranda is not meritorious, and would not have been successful if he had

raised before or during his criminal trial, his counsel was not ineffective for failing to raise it.

In addition, to the extent that Mr. Mason claims that his consent to search the garage was obtained in the absence of Miranda warnings, and that this violation invalidates the subsequent search of his car, his claim lacks merit. The Supreme Court, as well as the Court of Appeals for the Third Circuit, have held that the Fourth Amendment does not require suppression of physical evidence discovered as a result of "un-Mirandized" but voluntary statements. See United States v. Patane, 542 U.S. 630 (2004); United States v. DeSumma, 272 F.3d 176, 180-81 (3d Cir. 2001). Therefore, physical evidence discovered through a custodial interrogation need not be suppressed even if the defendant did not receive Miranda warnings. [2]

In this case, the record conclusively establishes that Mr. Mason is not entitled to the relief he seeks in his § 2255 motion. Accordingly, his Motion will be denied. There is no probable cause to issue a certificate of appealability.

---

[2] Even if Mr. Mason had advanced a valid argument on this theory, there is no evidence that any physical evidence was discovered through a custodial interrogation in this case. The handgun was discovered on Mr. Mason's person before he was interrogated, and the cocaine in the trunk of Mr. Mason's car was discovered after it was detected by a drug-sniffing dog and a valid search warrant was issued, permitting the law enforcement officers to search the car. Neither is open to even arguable challenge.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 04-720** |
| | : | |
| **v.** | : | |
| | : | |
| **CRAIG MASON** | : | |

| | | |
|---|---|---|
| **CRAIG MASON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 07-CV-5101** |

**O R D E R**

**AND NOW**, on this 4th day of April, 2008, upon consideration of Mr. Mason's Section 2255 Motion (Crim. No. 04-720, Docket No. 54), the Government's response thereto (Crim. No. 04-720, Docket No. 56), and the complete record of the proceedings related to Mr. Mason's criminal trial at Docket No. 04-720, which concluded on September 15, 2005, **IT IS ORDERED** that:

1. Mr. Mason's pro se Section 2255 Motion is **DENIED;**

2. There is no probable cause to issue a certificate of appealability; and

3. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE